I dissent. The majority opinion holds that "[t]he amount of the tax must reflect the reasonable compensation for the expense of municipal supervision over the particular business." The cases relied upon do, in fact, say this; however, I do not think that this Court ever intended to say that supervision costs must be allocated according to each individual business.
Hawkins v. City of Prichard, 249 Ala. 234 at 238, 30 So.2d 659
at 663, sets forth the formula for determining business license fees:
 "Cities in fixing their schedule of licenses should [1] anticipate the amount to be needed for . . . supervision . . . both within the city and in the police jurisdiction. [2] And then allocate a reasonable amount of that for the police jurisdiction. [3] And estimate the proper proportionate amount of that which should be chargeable to the various businesses there subject to a license tax by the city [in order that] each such business then licensed shall as near as possible pay an amount properly chargeable to its supervision. . . ."
In estimating the proper proportionate amount chargeable to the particular businesses located in the police jurisdiction, cities must refer to Code 1975, § 11-51-91. This section provides that, for business license purposes, a business located outside the corporate limits but within the police jurisdiction may be taxed up to one half the amount it would have been taxed had the business been located within the corporate limits.
It is my view that as long as the total fees assessed to all of the police jurisdiction businesses do not exceed the cost of supervising the police jurisdiction area, the tax is both reasonable and based upon the particular business within the meaning of § 11-51-91.
In Hawkins, the fee assessed against a filling station was improper because the station was automatically charged one half the amount charged to filling stations within the corporate limits, without regard to the cost of supervising the police jurisdiction. In fact, the mayor admitted that the license fees were used for general revenue purposes.
In the instant case, it is clear from the record that while the amount charged to Continental Electric was one half of that which would have been charged had the business been located within the corporate limits, the City of Leeds had the authority to assess the statutory ceiling amount (§ 11-51-91). This is so, because, even at the one half rate, the city incurs expenses in excess of the amount of these license fees in supervising the area of its police jurisdiction. Moreover, it is obvious that the business license fees were not used to raise general revenue; therefore, the fees charged were proper.
I would reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.